UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **DAVID AUSTIN,** individually, and on behalf of all others similarly situated,<br>    **Plaintiffs,**<br><br>v.<br><br>**KEN'S FOODS, INC.,**<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 4:24-cv-40040-MRG |

**ORDER ON MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE (ECF. NO. 46)**

**GUZMAN, J.**

**I.  Introduction**

In this suit, Plaintiff David Austin, on behalf of himself and a putative class, alleges that the Defendant Ken's Foods, Inc. ("Ken's") willfully violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and other laws by requiring Austin and all others similarly situated to perform unpaid work before and after their scheduled shifts. [See generally Compl., ECF No. 1; Pl.'s Mem. at 6, ECF No. 47]. Specifically, Austin and the opt-in plaintiffs ("Plaintiffs") allege that they and other Ken's employees were not compensated for the time it took them to walk to and from locker rooms and dress in personal protective equipment ("PPE") prior to their scheduled shift start time ("donning"), nor for the time they spent walking then undressing out of their PPE after their scheduled shift end ("doffing"). [Pl.s' Mem. at 10]. Before the Court is Plaintiffs' motion to conditionally certify the proposed class under the FLSA, which would include all current and former hourly employees who worked for Ken's Foods, Inc. at any of its four manufacturing

1

facilities during the last three years (the "FLSA Collective"). [ECF No. 46]. For the reasons stated below, Plaintiffs' motion is **GRANTED IN PART**

## II.   BACKGROUND

### A. Factual Background

Plaintiff, David Austin, brought this suit individually, as well as on behalf of opt-in plaintiffs and all others similarly situated. Austin has been an hourly employee of the Defendant at the Ken's Marlborough, Massachusetts manufacturing facility since October 2011. [Pl.'s Mem. at 8]. As an hourly employee, Austin typically worked four to five days per week and regularly worked more than forty hours in a week. [Id. at 9]. Austin alleges that he and the putative class members spent 10-12 minutes both prior to and after their scheduled shift start and end times completing their required PPE donning, doffing, and walking activities -- time for which they have not received compensation. [Compl. ¶ 59]. Ken's paid the Plaintiffs based on their scheduled shift start times and end times, which did not include the donning and doffing and walking activities. [Id. ¶ 47]. For the FLSA claim, Plaintiffs are seeking recovery for the preceding three years, the applicable statute of limitations period under the statute.[1]

In support of the motion for conditional class certification, Austin included affidavits from other Ken's employees working in the company's four U.S. manufacturing plants[2] who assert they

---

[1] 29 U.S.C.S. § 255 (providing a three-year statute of limitations for a cause of action arising out of willful violation of the FLSA, and a two-year statute of limitations absent a showing of willful violation). While Ken's contests that its conduct does not amount to "willful" conduct [ECF No. 30 at 10 n.9], at this initial pleadings stage, the Court opts for the larger timeframe and Plaintiffs' recovery period for the FLSA will be limited to any unpaid wages after March 6, 2021.

[2] Ken's operates manufacturing plants in Marlborough, Massachusetts; Las Vegas, Nevada; McDonough, Georgia; and Lebanon, Indiana. [Pl.'s Mem. at 7].

were subject to the same policy of uncompensated donning, doffing, and walking activities. [ECF No. 47, Exs. C–L]. Austin asks this Court to conditionally certify the following nationwide class:

> *All current and former hourly employees who worked for Ken's Foods, Inc. at any of its manufacturing facilities during the last three years* (the "FLSA Collective").

[Pl.'s Mem. at 6]. Austin's requested class certification would require Ken's Foods to produce a list of all putative class members names, last known addresses, dates, and location of employment, phone numbers and email addresses. [Id. at 6–7]. Additionally, Austin seeks the Court's assistance in issuing notice to potential class members. [Id. at 14–16].

### B. Procedural History

Austin filed his original complaint on March 6, 2024, which he dismissed then refiled a near identical version on March 13, 2024. [Compare Def.'s Motion to Reassign Case, ECF No. 8, with Compl.].[3] Ken's Foods filed a partial motion to dismiss the complaint on May 13, 2024 [ECF No. 29], and Austin opposed [ECF No. 38].  Austin moved for conditional class certification on July 29, 2024. [ECF No. 46 at 1–3]. From April 10, 2024, to October 25, 2024, the Court received a total of thirteen notices of consent to join, naming twenty-one opt-in plaintiffs. [ECF Nos. 18; 28; 32; 34; 35; 36; 37; 39; 40; 41; 43; 45; 57]. Ken's timely filed an opposition to the conditional certification motion. [ECF No. 50].

### III. <u>LEGAL STANDARDS</u>

The FLSA provides that an employee who files suit to recover unpaid minimum wages or unpaid overtime compensation for themselves may also do so for other employees similarly situated. 29 U.S.C.S. § 216(b) ("§ 216(b)"). In other words, "[t]he FLSA allows employees to band

---

[3] Plaintiffs have waived any argument that the limitations period should cut off on March 13, 2021 rather than March 6, 2021 as they have stipulated in their own filings that March 6, 2021 is the appropriate date.  [See ECF No. 38 at 15].

3

together to enforce their rights by initiating or joining a collective action." Dyse v. Healthall Consulting, 433 F. Supp. 3d 35, 38 (D. Mass. 2020) (citing Cunha v. Avis Budget Car Rental, LLC, 221 F. Supp. 3d 178, 181 (D. Mass. 2016)); see also § 216(b). The FLSA sets forth an opt-in procedure for plaintiffs seeking to certify a conditional class of similarly situated employees. § 216(b). "Unlike a class action under Federal Rule of Civil Procedure 23, collective actions under the FLSA require similarly situated employees to affirmatively opt-in and be bound by any judgment." Dyse, 433 F. Supp. 3d at 38 (citation and quotation marks omitted). Courts have developed a certification process for plaintiffs seeking to bring FLSA collective actions to "facilitate this opt-in mechanism." Id. A district court may properly authorize a plaintiff suing pursuant to § 216(b) to send to all discharged employees who have not yet joined the suit a notice and a consent document, with a text and form approved by the district court. Hoffmann-La Roche v. Sperling, 493 U.S. 165, 168–69 (1989). The Supreme Court has reasoned that "[c]ourt authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." Hoffmann-La Roche, 493 U.S. at 172. While district courts may exercise their power to facilitate notice in FLSA cases, the Court must be careful to remain neutral on the merits of the claims. Id. at 174 ("In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."). The First Circuit has not mandated a particular certification procedure; however, most district courts in this Circuit analyze this type of motion using a two-step approach. E.g., Dyse, 433 F. Supp. 3d at 38; Kane v. Gage Merch. Servs., 138 F. Supp. 2d 212, 214 (D. Mass. 2001); Trezvant v. Fid. Emplr. Servs. Corp., 434 F. Supp. 2d 40, 42-43 (D. Mass. 2006). "Under this approach, 'the court makes an initial determination of whether

4

the potential class should receive notice of the pending action and then, later, after discovery is complete, the court makes a final "similarly situated" determination.'" Poreda v. Boise Cascade, L.L.C., 532 F. Supp. 2d 234, 239 (D. Mass. 2008) (quoting Trezvant, 434 F. Supp. 2d at 43 (D. Mass. 2006). For this motion, this Court is concerned only with the initial determination.

Step one of conditional class certification has been described as a "fairly lenient standard" and "typically results in conditional certification of a representative class." Kane, 138 F. Supp. 2d at 214 (citation omitted). During the first stage, the court "makes an initial determination of whether the potential class should receive notice of the pending action . . ." Trezvant, 434 F. Supp. 2d at 42. "At this initial 'notice stage,' the court usually relies 'only on the pleadings and any affidavits which have been submitted . . . .'" Kane, 138 F. Supp. 2d at 214 (quoting Mooney v. Aramco Services Co., 54 F.3d 1207, 1213–14 (5th Cir. 1995)). Plaintiffs seeking conditional certification "are required to put forth some evidence that the legal claims *and* factual characteristics of the class," Trezvant 434 F. Supp. 2d at 44, and demonstrate that the putative class members "were subject to a single decision, policy, or plan that violated the law," Kane, 138 F. Supp. 2d at 214. However, at the notice stage, courts should refrain from making determinations on the merits of plaintiff's claims. Kane, 138 F. Supp. 2d at 215 (citing Hoffmann-La Roche 493 U.S. at 174). Further, the court should not make any findings of fact or weigh credibility of the parties' competing filings. Trezvant 434 F. Supp. 2d at 48.

The second step of the analysis is often referred to as the "decertification" phase. At this point, "[a]fter discovery is complete, the party opposing the conditional class may file a motion for decertification." Kane, 138 F. Supp. 2d at 214 (citing Reeves v. Alliant Techsystems, Inc., 77 F. Supp. 2d 242, 247 (D.R.I. 1999)). "If the district court concludes that the putative class members are not 'similarly situated,' it 'may decertify the class, and dismiss the opt-in plaintiffs without

5

prejudice.'" Id. But if the court finds that the putative class members are sufficiently "similarly situated," it certifies the putative class and permits the case to move to trial as a class action. Id.

## IV. DISCUSSION

As a single policy affecting all class members, Plaintiffs allege that Ken's failed to pay them for work completed before and after their scheduled shifts – namely, mandatory dressing ("donning") and undressing ("doffing") in PPE required by Ken's, and the time spent walking to and from locker rooms to don and doff. [Pl.s' Mem. at 10]. Plaintiffs argue that Ken's unlawful pay policies and timekeeping practices, as well as the nature of the Plaintiffs' job duties as hourly employees, were substantially the same across the company's four facilities and amongst the putative collective. [Id. at 9]. The Plaintiffs allege that the uncompensated time it took to don and doff amounted to 10-12 minutes at the start and end of their shifts (20-24 minutes total per shift). [Pls.' Mem. at 13]. With his motion, Austin included job descriptions for the hourly employees he looks to include in the class, as well as the individual opt-in plaintiffs' declarations. [ECF No. 47, Exs. C–L].

Ken's argues that the exhibits submitted with the motion for conditional certification do not show that the putative class members legal claims and factual characteristics are similar. [Def.'s Mem. at 3–4, ECF No. 50]. First, Ken's argues that Plaintiffs have failed to show that a common donning and doffing policy applied to all four manufacturing plants they look to include in the class. [Def.'s Mem. at 4, 12–13]. In particular, Ken's points out that the Marlborough, MA plant where Austin works is covered by a collective bargaining agreement ("CBA"), whereas the other three plants are not. [Def.'s Mem. at 13]. Second, Ken's challenges the adequacy of Austin's factual showing, taking issue with Plaintiff's identical declarations and arguing the declarations evidence misstatements and inaccuracies. [Def.'s Mem. at 3–4].

Ken's submitted a competing affidavit from Gary Beisaw, the company's Chief People Officer, who is based in Marlborough, Massachusetts, and is responsible for oversight of all personnel employed by Ken's Foods throughout the United States. [ECF No. 50-1 at 1–14]. In the affidavit, Mr. Beisaw asserts that class certification is inappropriate because the four plants differ in material ways. [See generally id.]. Mr. Beisaw alleges that the PPE required to be worn depends on *both* the job and the facility where the employee works because there are different required PPE, different job responsibilities and timekeeping requirements across the facilities. [Id. at 8]. Mr. Beisaw attacks the credibility of Plaintiffs' declarations and argues certification is inappropriate because the four facilities all vary in the physical layout of the buildings and Plaintiff's declarations do not accurately describe their respective facilities. [Id.at 9–14]. Mr. Beisaw's declaration further argues the factual differences he raises are evidence enough that the class is not substantially similar and requests class certification is denied. [Id. at 1-14].

In its opposition brief, Ken's relies on Smith v. Smithfield Foods, Inc., No. 2:21-cv-194, 2021 WL 6881062, *7 (E.D. Va. Dec. 21, 2021) to argue that conditional certification here is inappropriate because the class covers multiple facilities with numerous proposed class members. [Def.'s Mem. at 4]. Defendant's reliance on Smith is misplaced. The proposed class in Smith is easily distinguishable from Austin's proposed class because of its sheer size and the key differences between the various company-defendants' and their facilities. 2021 WL 6881062 at *17–18. In Smith, plaintiffs sought conditional certification of a class that contained 68,800 individuals, more than twenty-eight times the number of individuals in this proposed class. Further, the proposed class in Smith included employees of *multiple different* companies, located in nineteen states and across forty-five facilities. Id. at *21. The Smith court denied conditional class certification because it deemed the class unmanageable. 2021 WL 6881062 at *17–18. While

7

Plaintiff's proposed class is nationwide, the class contains approximately 2,400 current and former workers *all* employed by Ken's Foods throughout four manufacturing facilities [ECF No. 50-1 at 2], The Court does not find that Austin's proposed class raises the same manageability issues as the proposed class in Smith. See 2021 WL 6881062 at *17–18, *46–47.

Instead, this case is analogous to Cunha v. Avis Budget Car Rental, LLC, where the court granted conditional certification of a class of thirty damage managers, all employed by the same company but at differing grade levels. 221 F. Supp. 3d at 182. In Cunha, plaintiffs were all salaried employees employed by one company and were classified as exempt from overtime under the FLSA. Id. at 182. The single policy plaintiffs alleged was failure to compensate overtime under FLSA and the court noted that articulation of this policy alone may have been enough to grant conditional certification. Id. (citing Kane, 138 F. Supp. 2d at 215). The Cunha court was unpersuaded that the fact that the damage managers had different grades or that the essential duties of their positions varied based on location might invalidate any claim that the plaintiffs were subject to a single policy. Id. Instead, the court found that plaintiffs had met their burden at the notice stage by showing that the proposed class members shared the same salary classification and that their general duties and responsibilities appeared to be the same regardless of grade or location. Id. After applying the two-step approach, the court granted conditional certification. Id.

Like in Cunha, here, Plaintiffs are all employed by one company, are all hourly employees, all hold similar positions with similar duties (manufacturing), and all allege Defendant's failure to compensate for time spent on the same activities – donning, doffing, and walking back and forth from the locker rooms to the manufacturing floor. [Pl.s' Mem. at 10]; see Cunha, 221 F. Supp. 3d at 182. As the court noted in Cunha, a unified policy of exemption from overtime pay alone could amount to enough of a factual showing for conditional certification at the notice stage. Cunha, 221

F. Supp. 3d at 182. Moreover, "courts will conditionally certify a collective action as long as the putative plaintiffs share similar job requirements and pay provisions." McKnight v. Honeywell Safety Prods. USA, Inc., No. CV 16-132 S, 2017 WL 3447894, at *7 (D.R.I. Aug. 11, 2017) (citing Trezvant, 434 F. Supp. 2d at 48).

Ken's argues that the proposed class members have different duties, different levels of required PPE, different uniform policies, and different timekeeping practices, depending on which facility they work at; however, these arguments are more appropriately raised at the decertification stage. As the primary evidence of the differences it raises, Ken's submitted the Beisaw affidavit. [ECF No. 50-1 at 1–14]. The Court declines to credit this affidavit because it is improper at the notice stage for the Court to make findings of fact or engage in credibility weighing of competing evidence. Trezvant, 434 F. Supp. 2d at 48. Ken's should raise factual inconsistencies amongst the Plaintiffs' declarations at the second step of conditional certification, after discovery has started and where decertification of the class can occur. Id. at 45, 50. Further, "[d]ifferent job titles or positions do not preclude a finding that plaintiffs are 'similarly situated.'" Id. at 48 (citing Baldozier v. Am. Family Mutual Ins., 375 F. Supp. 2d 1089, 1092–93 (D. Colo. 2005).

The Court is not persuaded by Ken's argument that conditional certification is inappropriate at this stage because the Marlborough plant is covered by a CBA while the other manufacturing facilities are not. [See Def.'s Mem. at 22]. First, Ken's has cited no binding case law from the First Circuit to support this claim. Second, the cases Ken's did cite are decisions on the merits of FLSA claims, not decisions relating to conditional certification. [Id. (citing Anderson v. Cagle's, Inc., 488 F.3d 945, 957–58 (11th Cir. 2007); Bejil v. Ethicon, Inc., 269 F.3d 477, 480 (5th Cir. 2001)]. As the Court has stated, at this stage of conditional certification, the Court must avoid making determinations on the merits of the Plaintiffs' claims. See Kane, 138 F. Supp. 2d at

9

215 (citing Hoffmann-La Roche, 493 U.S. at 174 ("in exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality.")). The Court recognizes that in its Memorandum and Order on Ken's Partial Motion to Dismiss the Court found that the Labor Relations Management Act preempted Austin's state-law claims because resolving those claims would require interpretation of the CBA. [See ECF No. 69]. However, even the Court's concerns there, regarding calculating individualized relief for the Plaintiffs should they prevail, are inapposite to the question before the Court now because "[a]t this point, the Court need not prematurely delve into whether Plaintiffs' claims require individualized treatment that would render a collective action unmanageable." Thomas v. Maximus, Inc., No. 3:21-cv-498-DJN, 2022 U.S. Dist. LEXIS 35126, at *16 (E.D. Va. Feb. 28, 2022) (finding plaintiffs met their "fairly lenient" burden for FLSA conditional class certification based solely on submission of consistent employee declarations that declarants were subject to the same corporate-wide policy).

The Court finds that the allegations in the complaint, as well as the affidavits of opt-in Plaintiffs, demonstrate that Plaintiffs have met their burden at the first step of the conditional certification analysis. Specifically, Plaintiffs have alleged:

(1) Plaintiffs and all others similarly situated were employed by Defendant at its manufacturing facilities;

(2) Plaintiffs and all others similarly situated were paid an hourly rate;

(3) Plaintiffs and all others similarly situated were required to wear PPE during their work shifts;

(4) Plaintiffs and all others similarly situated spent substantial amounts of time each day donning and doffing PPE before and after their work shifts. Defendant, did not pay for all of this time. Instead, Defendant paid Plaintiffs, and all others similarly

situated based on their *scheduled* shift start times and end times (e.g. 6:00 p.m. to 6:00 a.m.), not the time that they performed their first and last principal activities of the workday;

(5) Defendant assigned and/or was aware of all the work that Plaintiff and members of the FLSA Collective performed;

(6) Defendant is aware or should have been aware that federal law required them to pay Plaintiff and the members of the FLSA Collective overtime premiums for all hours worked more than 40 per workweek and at rates that included shift premium pay;

(7) The members of the FLSA Collective and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it;

(8) Those employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

[Compl. ¶¶ 102, 104, 108, 110; Pl.'s Mem. at 19–20 (citing Compl. ¶¶ 132–39 and Exs. C–L)]. Accordingly, Austin has identified both (1) that his job positions and duties are similar to those positions held by the putative class members, **and** (2) that he and all Hourly Employee members were all subject to the same unified policy, plan, or scheme that forms the basis of the alleged FLSA violation. [ECF No. 47 at 20]; see Cunha, 221 F. Supp. 3d at 182; Trezvant, 434 F. Supp. 2d at 48.

The Court finds the Plaintiffs have met their "fairly lenient" burden at the notice stage. Kane, 138 F. Supp. 2d at 214. However, the Court amends the class definition to limit it to employees who were actually subject to the policy of unpaid donning and doffing during the statutory limitations period. Accordingly, the Court conditionally certifies the following class:

11

*All current and former hourly employees who worked for Ken's Foods, Inc. at any of its manufacturing facilities after March 6, 2021, and who were required to don and doff personal protective equipment ("PPE") on the employer premises before and after their shift without receiving compensation.*

### V.    CONCLUSION

For the reasons stated above the motion to certify the conditional class is **GRANTED IN PART**.

**SO ORDERED.**

Dated: March 21, 2024

                                                    /s/ Margaret R. Guzman
                                                    Margaret R. Guzman
                                                    United States District Judge